No. 25-1380

*In the*

# UNITED STATES COURT OF APPEALS
for the
# FIRST CIRCUIT

JASON GRANT, ALLISON TAGGART,
LISA PETERSON, AND SAMANTHA LYONS,

*Plaintiffs-Appellants,*

v.

TRIAL COURT OF THE COMMONWEALTH OF
MASSACHUSETTS, BEVERLY J. CANNONE,
GEOFFREY NOBLE, MICHAEL D'ENTREMONT,
AND MICHAEL W. MORRISSEY,

*Defendants-Appellees.*

*On Appeal from the United States District Court
for the District of Massachusetts
No. 1:25-cv-10770-MJJ
The Honorable Myong J. Joun*

**EMERGENCY MOTION TO EXPEDITE APPEAL**

MARC J. RANDAZZA
JAY M. WOLMAN
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: 888-887-1776
ecf@randazza.com
Attorneys for Plaintiffs-Appellants.

# EMERGENCY MOTION TO EXPEDITE APPEAL

Plaintiffs-Appellants respectfully move this Court, pursuant to Fed. R. App. P. 2, to expedite the briefing, the argument (if deemed necessary), and the decision in this appeal to reverse the District Court's April 11, 2025, Order denying Appellants' injunctive relief on their claims (ECF No. 38).[1] Plaintiffs-Appellants also moves to proceed on the original record pursuant to Fed. R. App. P. 30(f).

On April 11, 2025, the District Court entered an Order (ECF No. 38) denying Appellants' Motion for injunctive relief (ECF No. 2).

Under the Rules' standard appellate schedule, Appellants will not be afforded the opportunity to make their appellate arguments before they suffer further irreparable harm to their First Amendment rights. Appellants therefore propose the following expedited schedule:

| | |
|---|---|
| Opening Brief & Abbreviated Appendix: | April 24, 2025 |
| Response Brief: | April 28, 2025 |
| Reply Brief and any Amicus Briefs: | May 2, 2025 |
| Oral Argument (if deemed necessary): | As soon as possible thereafter. |

---

[1] "ECF" hereafter refers to docket entries in the District Court.

## BACKGROUND AND PROCEDURAL HISTORY

**1.0  Factual Background**

On January 29, 2022, John O'Keefe, a Boston Police Officer, died. Verified Complaint, ECF No. 1, at ¶ 13. On June 9, 2022, Karen Read was indicted for his murder. *Id.* at ¶ 14. Judge Beverly Cannone is presiding over *Commonwealth v. Read,* Case No. 2282CR00017 (hereinafter "*Read* Case"). *Id.* at ¶ 15. A 2024 trial resulted in a mistrial ("first trial"). *Id.* at ¶ 17. A second trial began on April 1, 2025 ("second trial"). *Id.* at ¶ 18.

Prior to the first trial, the Commonwealth moved for a demonstration-free "buffer zone" beyond the grounds of the Norfolk Superior Courthouse. *Id.* at ¶ 19. Some citizens moved to intervene for the purpose of opposing the imposition of the First Amendment-free zone. *Id.* at ¶ 20. Justice Cannone angrily denied intervention, even though the sought-after order would directly affect the intervenors. *Id.* at ¶ 21. Cannone then imposed the zone. ECF No. 1-1.

In advance of the second trial, the Commonwealth again moved for a buffer zone, but with a larger area (encompassing private property and traditional public fora, including public sidewalks and other areas). *Id.* at ¶ 24. True to her established practice, Judge Cannone granted it on March 25, 2025, with no opportunity for affected persons to intervene or be heard. She decreed that a larger buffer zone for the second trial was warranted, and expressly ordered that:

> no individual may demonstrate in any manner, including carrying signs or placards, within 200 feet of the courthouse complex during trial of this case, unless otherwise ordered by this Court. This complex includes the Norfolk Superior courthouse building and the parking area behind the Norfolk County Registry of Deeds building. The buffer zone shall further be extended to include the area bounded by Bates Court, Bullard Street, Ames Street, and Court Street. Individuals are also prohibited from using audio enhancing devices while protesting.

*Id.* at ¶ 25 and ECF No. 1-3 ("Prior Restraint Order").



Appellants Jason Grant, Allison Taggart, Lisa Peterson, and Samantha Lyons are Massachusetts residents. ECF No. 1 at ¶¶ 1-4. Since November 2024, they have regularly peacefully protested near the courthouse, holding signs criticizing Judge Cannone. *Id.* at ¶ 26. Their demonstrations took place within the buffer zone. *Id.* at ¶ 27. Plaintiff Jason Grant peacefully demonstrated on the sidewalk next to the courthouse holding signs reading "Judge Bev is Conflicted" and "Bev's Court is a

Clownshow" regarding and with images of D.A. Morrissey and Judge Cannone. *Id.* at ¶ 28. Their demonstrations were about Judge Cannone and occurred during trials presided over by her. *Id.* at ¶ 29. There were no adverse incidents and no trials were disturbed. *Id.* at ¶ 30. Appellants wish to continue to demonstrate, including criticizing Judge Cannone, off the grounds of the courthouse complex but within the buffer zone. *Id.* at ¶ 31. However, they reasonably fear contempt proceedings, arrest, and prosecution by Appellees (Judge Cannone, the state and local police, and the DA). *Id.* at ¶¶ 32-35.

**2.0   Procedural History**

Appellants sued on April 1, 2025. ECF No. 1. That same day, they sought a temporary restraining order and a preliminary injunction to enjoin the order facially and its enforcement as applied. ECF Nos. 2-3. Further evidence was filed the next day. ECF Nos. 9-11. The Commonwealth Appellees opposed on April 4. ECF Nos. 21-22. Appellants filed supplemental authority that day as well. ECF No. 27. A non-evidentiary hearing on the motion was held on April 4. ECF Nos. 28 & 31.

The District Court requested additional briefing and such was filed on April 10. ECF Nos. 35 & 36. Appellants provided additional evidence and requested judicial notice on April 11, 2025. ECF No. 37. The motion for the TRO and

preliminary injunction was denied on April 11.[2] ECF No. 38.

Notice of appeal was filed (ECF No. 45) and Appellants sought an injunction pending appeal in the District Court on April 17. ECF Nos. 43-44. It was denied. ECF No. 46.

## JURISDICTIONAL STATEMENT

This appeal relates to an interlocutory order refusing an injunction. *See* 28 U.S.C. § 1292(a)(1) (granting jurisdiction). On April 11, 2025, the District Court denied Appellants' motion both for temporary restraining order and preliminary injunction. ECF No. 38. This Court has jurisdiction.

## ARGUMENT

This appeal should be expedited. Fed. R. App. P. 2 states that "a court of appeals may—to expedite its decision or for other good cause—suspend any provision of these rules in a particular case and order proceedings as it directs." *See also* Fed. R. App. P. 2 advisory committee's note on rules—1967 ("[t]he primary purpose of this rule is to make clear the power of the courts of appeals to expedite the determination of cases of pressing concern to the public or to the litigants"). For the purpose of determining whether good cause exists to expedite briefing, "good cause" includes situations where "in the absence of expedited treatment,

---

[2] The order was initially unclear as to whether it denied only a TRO or both the TRO and the preliminary injunction; the District Court thereupon clarified that the Order at ECF No. 38 denied both. (ECF No. 40).

irreparable harm may occur or the appeal may become moot." *Id*.

Good cause exists to expedite this appeal because Appellants cannot engage in First Amendment-protected speech due to the buffer zone order. The loss of Appellants' First Amendment rights automatically constitutes irreparable injury. *See Elrod v. Burns,* 427 U.S. 347, 373 (1976) (the "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury"). Opening statements in the Read trial begin April 21, 2025. Thus, every day that passes only exacerbates the injury.

Moreover, the longer it takes for Appellants to obtain relief, the less relevant Appellants' speech becomes, injuring them further. If Appellants are required to wait until after a lengthy ordinary appeal is conducted, the Read trial will be over and the buffer zone order will expire. Thus, the appeal should be expedited.[3]

Defendants-Appellees have not provided their position at the time of filing this motion.

**CONCLUSION**

Plaintiffs-Appellants' speech has been chilled by unlawful and unconstitutional buffer zone order. Until the buffer zone is enjoined, Appellants will

---

[3] Parallel to seeking an expedited resolution of this appeal, Appellants are also seeking an injunction pending appeal from this Court. To the extent this Court grants that motion and issues the requested injunctive relief, Appellants take the position that expediting the appeal would therefore be unnecessary, as the threat of irreparable harm will have abated for the duration of the appeal.

continue to be prejudiced and continue to suffer irreparable harm. This Court should expedite this appeal so that Appellants can be freed of the chilling effects of the unconstitutional order and the potential enforcement thereof.

Date: April 18, 2025.

Respectfully submitted,
RANDAZZA LEGAL GROUP, PLLC

/s/ Jay M. Wolman
Jay M. Wolman (Bar No. 1135959)
Marc J. Randazza (Bar No. 90629)
30 Western Avenue
Gloucester, MA 01930
Tel: (888) 887-1776
ecf@randazza.com

*Attorneys for Appellants*

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), I certify that:

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this motion contains 1,300 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionately spaced typeface using Microsoft Word Times New Roman 14-point font.

Date: April 18, 2025.  RANDAZZA LEGAL GROUP, PLLC

/s/ Jay M. Wolman
Jay M. Wolman

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: April 18, 2025.   RANDAZZA LEGAL GROUP, PLLC

/s/ Jay M. Wolman
Jay M. Wolman