# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

Docket No. 25-1380

JASON GRANT, ALLISON TAGGART, LISA PETERSON, and SAMANTHA LYONS,

Plaintiffs/Appellants,

v.

TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS, BEVERLY J. CANNONE, in her official capacity as Justice of the Superior Court, GEOFFREY NOBLE, as Superintendent of the Massachusetts State Police, MICHAEL d'ENTREMONT, in his official capacity as Chief of Police Department of the Town of Dedham, Massachusetts, and MICHAEL W. MORRISSEY, in his official capacity as the Norfolk County District Attorney,

Defendants/Appellees.

### STATE DEFENDANTS' RESPONSE TO PLAINTIFFS' EMERGENCY MOTION TO EXPEDITE APPEAL

The Trial Court of Massachusetts, Superior Court Justice Beverly Cannone, Colonel Geoffrey Noble, and District Attorney Michael W. Morrissey (collectively, the State Defendants) hereby submit this response to the plaintiffs' motion to expedite the appeal in this matter:

1

1. The plaintiffs filed the instant civil action in the District Court on April 1, 2025.  The complaint listed the above-named defendants and contained two counts seeking declaratory and injunctive relief:  the first was that a buffer-zone order entered in a state criminal trial restrained the plaintiffs' free speech rights in violation of the First Amendment; the second was that the buffer-zone order violated the plaintiffs' due process rights.

2. Along with their complaint, the plaintiffs filed a motion for a temporary restraining order and preliminary injunction.  After receiving briefs from the parties and holding a hearing, the District Court entered a memorandum and order, denying the plaintiffs' motion for a temporary restraining order on April 11, 2025.  In an electronic order issued shortly thereafter, the District Court clarified that, to the extent the plaintiffs' motion sought a preliminary injunction, such relief was denied as well.

3. Nearly one week later, the plaintiffs filed a notice of appeal and moved in the District Court for an injunction (barring enforcement of the buffer-zone order), pending the outcome of their appeal in this Court.  The District Court denied the motion for injunctive relief, and the appeal was docketed in this Court on April 17, 2025.  Late the following day, the plaintiffs moved in this Court for an injunction barring enforcement of the buffer-zone order pending appeal, and they sought an expedited briefing schedule.

4. Under the plaintiffs' proposed briefing schedule, they would have six days (Friday, April 18 to Wednesday, April 24) to file their opening brief, the State Defendants would have four days (Wednesday, April 24 to Monday, April 28) to file their brief, and then the plaintiffs would have five days (Monday, April 28 to Friday, May 2) to file a reply brief.

5. The State Defendants do not oppose an expedited appeal. They do oppose the proposed briefing schedule. This Court should not approve it.

6. The plaintiffs have been able work on their brief since they decided to appeal or at least since they noticed their appeal on April 17, 2025. So, they have actually allotted to themselves a full week or more to complete their brief. In light of that circumstance, the State Defendants respectfully request that their brief be due on May 2, just eight days after the plaintiffs' brief is submitted.

7. At a minimum, the State Defendants request that they be given until April 30 to file their brief, an equal amount of time (six days) to prepare their principal brief as the plaintiffs' have proposed for themselves since the filing of their proposed briefing schedule. Certainly, the period of time for the State Defendants to file a principal brief should not be less than the period of time allotted for the plaintiffs to prepare a reply brief.

Wherefore, for the foregoing reasons, the State Defendants request that this Court enter a briefing schedule that permits the plaintiffs to file their principal brief

on April 24, 2025, and the State Defendants to file their principal brief on May 2, 2025.  In the alternative, the State Defendants request a briefing schedule that permits the plaintiffs to file their principal brief on April 24, 2025, and the State Defendants to file their principal brief on April 30.

Respectfully submitted,

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

/s/ John R. Hitt_____

John R. Hitt, No. 59001
Thomas Bocian, No. 121912
Emily Rothkin, No. 1202163
Emily Swanson, No. 1216673
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place
Boston, MA 02108-1698
(617) 727-2200
thomas.bocian@mass.gov
john.hitt@mass.gov
emily.rothkin@mass.gov
emily.swanson@mass.gov

Dated:  April 21, 2025

# CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2025, I electronically filed this response with the Clerk of the Court of Appeals for the First Circuit by using the appellate CM/ECF system.  Participants in this case who are registered CM/ECF users will be served by the appellate CM/EFC system.

April 21, 2025

/s/ John R. Hitt
Massachusetts Assistant Attorney General