No. 25-1380

*In the*

# UNITED STATES COURT OF APPEALS

*for the*

# FIRST CIRCUIT

JASON GRANT, ALLISON TAGGART,
LISA PETERSON, AND SAMANTHA LYONS,

*Plaintiffs-Appellants,*

v.

TRIAL COURT OF THE COMMONWEALTH OF
MASSACHUSETTS, BEVERLY J. CANNONE,
GEOFFREY NOBLE, MICHAEL D'ENTREMONT,
AND MICHAEL W. MORRISSEY,

*Defendants-Appellees.*

*On Appeal from the United States District Court
for the District of Massachusetts
No. 1:25-cv-10770-MJJ
The Honorable Myong J. Joun*

## EMERGENCY MOTION FOR CLARIFICATION AND TO ENFORCE THIS COURT'S MAY 9, 2025, JUDGMENT

Marc J. Randazza
Jay M. Wolman
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: 888-887-1776
ecf@randazza.com

Mark Trammell
CENTER FOR AMERICAN LIBERTY
P.O. Box 200942
Pittsburgh, PA 15251
Tel: (703) 687-6200
MTrammell@libertyCenter.org

*Attorneys for Plaintiffs-Appellants*

## EMERGENCY MOTION FOR CLARIFICATION AND
## TO ENFORCE THIS COURT'S MAY 9, 2025, JUDGMENT

Plaintiffs-Appellants respectfully move this Court to clarify and enforce the *per curium* Opinion and Judgment that it issued late in the afternoon on May 9, 2025. The Court vacated the district court's denial of Plaintiffs'-Appellants' Motion for Preliminary Injunction and instructed the district court "to determine how the [buffer zone] Order has been interpreted and applied and whether the lack of a *mens rea* requirement renders the Order insufficiently tailored." (Opinion at 11). The District Court has failed to do that; instead, it is letting the case languish for a week so that Judge Cannone, the state court judge, might act if she chooses to do so. Specifically, the District Court issued an order staying the case until a May 19, 2025, further status conference (not even a hearing). A stay is the antithesis of what this Court directed the District Court to do.

While it would be nice if Judge Cannone took the initiative to fix her unconstitutional buffer zone Order, she has had three days and has done nothing. She could have done *something*; after all, she is a party to these proceedings. The District Attorney is as well. Yet nothing has happened. The Commonwealth filed no modified proposed buffer zone order. Judge Cannone did nothing *sua sponte*. Plaintiffs-Appellants have no ability to intervene in the *Read* case to seek immediate action. Urgency is required—every day the buffer zone order continues unrevised is a day the First Amendment can never recover. But the District Court should not

be permitted to wait another week, let alone another day, without a guarantee of relief for Plaintiffs-Appellants. And as Plaintiffs-Appellants have wrongly been accused of sleeping on their rights, they have no choice but to seek emergency relief here.

Moreover, as the Court knows, its Opinion affected three separate district court cases in the U.S. District Court for the District of Massachusetts. In addition to this case, the Opinion is relevant to *Derosier et al. v. Noble, et al.*, Case No. 1:25-cv-10812, and *Delgado v. Noble, et al.*, Case No. 1:25-cv-10818.

The *Derosier* and *Delgado* cases concern much simpler Constitutional questions than the Court faced in this matter. The *Derosier* case is about *journalism.* In *Derosier*, the Massachusetts state police used the buffer zone Order to prohibit journalists from engaging in newsgathering activities, sometimes violently, within the buffer zone. *See* Appellants' Notice of Supplemental Exhibit (filed 4/22/2025).

In *Delgado*, the state police threatened a citizen with arrest for merely walking through the buffer zone with a sticker on his clothing referencing the Karen Read case. Emboldened by the Federal Courts' nonchalant approach to enforcing the Constitution, the Massachusetts State Police have *escalated* their actions – going so far as to compel a woman to remove her shirt and walk out of the buffer zone half-naked or go to jail. *See* **Exhibit A** (Declaration of Erica Walsh). Ms. Walsh, the woman in question, was wearing a shirt that said, "criminals control Norfolk

County."  The Massachusetts State Police told her that she would be charged for wearing it if she did not remove it.  She was even accosted by one of them *today*, since this Court's decision has left the buffer zone order in place for now.

This needs to be resolved *now*, not once Judge Cannone decides that perhaps she might be interested in taking the hint that this Court gave her.  She has had plenty of time to see the error of her ways and correct them. She hasn't.   And the Massachusetts State Police certainly need to be put under some sort of control – they must be told that they cannot use this vague order as license to harass and threaten journalists or citizens who are merely present inside the buffer zone doing their jobs or wearing attire emblazoned with slogans the police do not like.  If Paul Cohen could walk into a courthouse with a jacket that said "fuck the draft," but Plaintiffs-Appellants cannot wear a sweatshirt saying "criminals control Norfolk County" nearly a football field from the courthouse, then this *application* of the buffer zone is stifling clearly established Constitutional rights.

No one has alleged that the plaintiffs in this case, nor in *Delgado,* nor *Derosier* were behaving in a way that would disrupt the *Read* trial or influence the trial participants.  Mr. Nguyen and Ms. Walsh are preparing complaints and motions for injunctive relief as we speak.  Meanwhile, the government delights in the lack of exigency from the Courts – all the while after accusing the plaintiffs-appellants of

not moving fast enough.[1]

Plaintiffs-Appellants (and similarly situated citizens) are actively being punished and threatened with arrest for engaging in activities that are clearly protected by the First Amendment and have been for generations.  But not here.

Unfortunately, the judges in all three District Court cases have interpreted this Court's Opinion to say that they do not need to do anything to ensure that the government stops trampling their citizen Constitutional rights.  Instead of a "wait and see" approach, this Court should clarify and enforce its decision—since Judge Cannone has failed to act, the District Court should be directed to immediately implement this Court's decision and ensure that only a narrowly tailored buffer zone order, with a proper *mens rea* requirement, is enforceable.

Or, at the very least, the Massachusetts State Police should be immediately enjoined from using the pretext of the buffer zone to stifle journalists' newsgathering activities, and from using the pretext of the buffer zone to harass and threaten

---

[1] The Commonwealth has previously accused the Plaintiffs of undue delay. Meanwhile, Plaintiffs have moved "*faster miles an hour*." (Jonathan Richman, *Roadrunner*, on THE MODERN LOVERS, Beserkley Records 1976).  The Commonwealth's accusations to the contrary are ridiculous.  The case was not ripe until March 25. Injunctive relief was requested *four business days later*. The motion for an injunction was denied April 11, a Friday, and clarified that night – as the Passover holiday commenced.  Yet still, a motion for injunction pending appeal was filed on April 18.  Meanwhile, there have been attempts to meet and confer over the issues in this memo, commencing Friday evening.  There has been no response from the Commonwealth.

citizens, like Plaintiffs-Appellants, Mr. Delgado, and Ms. Walsh, who might merely exist inside the buffer zone wearing clothing or holding signs emblazoned with statements they disagree with.

If it was this Court's intent to permit Judge Cannone to have a chance to give respect to the Constitution, the only permission she needs is 24 hours to see the error of her ways. She trampled Plaintiffs-Appellants' First Amendment rights without due process. She has had what she would not give the plaintiffs – due process. She has had an opportunity to be heard. She has had the ability to correct herself (but has thus far declined to do so). Norfolk County remains part of the United States, and the Constitution is not a mere inconvenience there – it is the law of the land. This case needs a firm timetable, not a "wait and see, and take your time" pocket veto. Twenty-four hours is sufficient for both Judge Cannone and the Massachusetts State Police to rejoin the union.

Date: May 12, 2025.                    Respectfully submitted,

/s/ Jay M. Wolman                          Mark Trammell
Jay M. Wolman (Bar No. 1135959)            CENTER FOR AMERICAN LIBERTY
Marc J. Randazza (Bar No. 90629)           P.O. Box 200942
30 Western Avenue                          Pittsburgh, PA 15251
Gloucester, MA 01930                       Tel: (703) 687-6200
Tel: (888) 887-1776                        MTrammell@libertyCenter.org
ecf@randazza.com

                                           *Attorneys for Appellants*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), I certify that:

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this motion contains 1188 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionately spaced typeface using Microsoft Word Times New Roman 14-point font.

Date: May 12, 2025                    RANDAZZA LEGAL GROUP, PLLC

                                      /s/ Jay M. Wolman
                                      Jay M. Wolman

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date: May 12, 2025          RANDAZZA LEGAL GROUP, PLLC

/s/ Jay M. Wolman
Jay M. Wolman

# **<u>Exhibit A</u>**

Declaration of Erica Walsh

Doc ID: 6c3c9072e9cc0268c33d6aa2073fc5c41ac4d769

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JASON GRANT, ALLISON TAGGART, LISA PETERSON, and SAMANTHA LYONS,<br><br>Plaintiffs,<br><br>v.<br><br>TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS, BEVERLY J. CANNONE, in her official capacity as Justice of the Superior Court, GEOFFREY NOBLE, as Superintendent of the Massachusetts State Police; MICHAEL d'ENTREMONT, in his official capacity as Chief of the Police Department of the Town of Dedham, Massachusetts, and MICHAEL W. MORRISSEY, in his official capacity as the Norfolk County District Attorney,<br><br>Defendants. | Civil Action No. 1:25-cv-10770-MJJ |

<u>**DECLARATION OF ERICA WALSH**</u>

I, Erica Walsh, hereby declare:

1.      I am over 18 years of age and have never been convicted of a crime involving fraud or dishonesty. I have knowledge of the facts set forth herein, and if called as a witness, could and would testify thereto.

2.      On Friday, May 9, 2025, I was within the buffer zone created by the order of Judge Cannone in the Karen Read case.

3.      I had been there for several hours without incident.

4.      During that period, I was wearing a sweatshirt that read "criminals control Norfolk County" and the logo "[mi cr od ots]".

5.      The sweatshirt appears as below:

Doc ID: 6c3c9072e9cc0268c33d6aa2073fc5c41ac4d769



6.    As I was leaving a bathroom and heading to my vehicle that was parked within the zone, I was surrounded by three unknown Massachusetts State Police officers.

7.    The officers detained me, saying words to the effect of "you're not going anywhere."

8.    At that point, one of the State Police officers stated he was going to charge me with a criminal offense for wearing the sweatshirt, saying words to the effect of "You're gonna catch a charge."

9.    The officers then falsely asserted that I had been "warned" about the sweatshirt previously by Sgt. Hardman.

Declaration of Erica Walsh
Civil Action No. 1:25-cv-10770-MJJ

Doc ID: 6c3c9072e9cc0268c33d6aa2073fc5c41ac4d769

10.     I had not, in fact, received any such warning.

11.     However, at that point, I faced the dilemma of either continuing to wear the sweatshirt or remove it.

12.     Due to familial obligations that evening, I could not afford to be arrested, so I removed the sweatshirt.

13.     Below the sweatshirt, I was wearing a shirt that read "Journalism is not a crime" and "Free Turtleboy" and included the face of noted Massachusetts journalist Aidan Kearney a/k/a Turtleboy.

14.     A model version of the shirt appears as follows:



15.     I had asked an officer of the Dedham police whether this t-shirt was permitted within the buffer zone. He responded that he was not sure whether it was. Thus, in order to ensure I could get to my car without being arrested, I had no choice but to remove it and walk through the buffer zone clad only in a brassiere on top.

16.     That is, I was forced to walk through Dedham looking as follows:

Declaration of Erica Walsh
Civil Action No. 1:25-cv-10770-MJJ

Doc ID: 6c3c9072e9cc0268c33d6aa2073fc5c41ac4d769



17.    On Monday, May 12, 2025, I was again wearing the sweatshirt in the buffer zone. As I was exiting for the day, while walking with a YouTube content creator/journalist, Sgt. Hardman accosted me and said words to the effect of "you're causing a …" , though he never said what I was casing, and that I was "told about this," threatening me for having worn the sweatshirt.

18.    I believe the only reason I was not arrested by Sgt. Hardman for wearing the sweatshirt on May 12 was because an individual was filming the encounter.

19.    I am submitting this declaration in furtherance of injunctive relief against the buffer zone because it is being employed against citizens, including myself, merely for wearing clothing with words on it that state police officers do not like.

Declaration of Erica Walsh
Civil Action No. 1:25-cv-10770-MJJ

Doc ID: 6c3c9072e9cc0268c33d6aa2073fc5c41ac4d769

I declare under penalty of perjury that everything I have stated in this document is true and correct.

Dated: 05 / 12 / 2025

By: _____
    Erica Walsh

Doc ID: 6c3c9072e9cc0268c33d6aa2073fc5c41ac4d769