# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

Docket No. 25-1380

JASON GRANT, ALLISON TAGGART, LISA PETERSON, and SAMANTHA LYONS,

Plaintiffs/Appellants,

v.

TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS, BEVERLY J. CANNONE, in her official capacity as Justice of the Superior Court, GEOFFREY NOBLE, as Superintendent of the Massachusetts State Police, MICHAEL d'ENTREMONT, in his official capacity as Chief of Police Department of the Town of Dedham, Massachusetts, and MICHAEL W. MORRISSEY, in his official capacity as the Norfolk County District Attorney,

Defendants/Appellees.

**STATE DEFENDANTS' RESPONSE TO PLAINTIFFS' EMERGENCY MOTION FOR CLARIFICATION AND TO ENFORCE THIS COURT'S MAY 9, 2025, JUDGMENT**

The Trial Court of Massachusetts, Superior Court Justice Beverly J. Cannone, Colonel Geoffrey Noble, and District Attorney Michael W. Morrissey (collectively, the State Defendants) hereby submit this response to Plaintiffs'

Emergency Motion for Clarification and to Enforce This Court's May 9, 2025, Judgment:

1. Following the issuance of a supplemental buffer-zone order (attached hereto as Exhibit A) on the morning of May 15, 2025, Plaintiff's emergency motion is now moot and should be denied. As discussed below, the state-court judge adopted, *sua sponte*, this Court's suggestion to supplement or amend her order.

2. As a preliminary matter, lost in the hurry of the proceedings to date are two critical points: First, Plaintiffs have expressly stated they are *not* seeking injunctive relief against the state-court judge. AA037 n.1. Second, and most importantly, to the extent their motion for clarification does seek such an injunction, the requested relief is impermissible because it is expressly prohibited by 42 U.S.C. § 1983, which states "that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Although Plaintiffs waived their request for such relief, a central feature of Plaintiffs' emergency motion is a request that in function, if not form, would have had the district court enter such prohibited injunctive relief against the state-court judge.

3. On May 5, 2025, this Court heard oral argument in this expedited appeal from the district court's (Joun, J.) denial of Plaintiffs' motion for a preliminary injunction. If granted, the injunction would have allowed demonstrators to protest within the buffer zone around the Norfolk County Courthouse established by the state-court judge (Cannone, J.) during the ongoing trial in *Commonwealth v. Karen Read,* Norfolk Superior Court No. 2282-CR-00117.

4. At approximately 4:00 P.M. on Friday, May 9, 2025, this Court issued its Per Curiam opinion and judgment (the "Per Curiam"), vacating and remanding—but not reversing—the denial of the injunction. In remanding the case, this Court instructed the district court to conduct "further proceedings to determine how the [buffer-zone] Order has been interpreted and applied and whether the lack of a mens rea requirement renders the Order insufficiently tailored" under the First Amendment. *Grant v. Trial Court of Massachusetts, et al.*, --- F.4th ---, 2025 WL 1355193, at *4 (1st Cir. May 9, 2025). Additionally, this Court observed that the state court "could, entirely of its own violation, further simplify any potential First Amendment issues by amending [the state-court order] to introduce a mens rea requirement as in *Cox* [*v. Louisiana*, 379 U.S. 559 (1965)] and Mass. Gen. Laws ch. 268, 13A . . . ." *Id*.

5. The district court and the State Defendants are taking this Court's directive and observation seriously and have acted promptly on both.

6. On Saturday May 10, 2025, the day after this Court issued the Per Curiam, the district court acted swiftly, immediately scheduling a status conference on the next available business day, Monday, May 12, 2025, to discuss the ramifications of the Per Curiam. Doc. 53.

7. On the morning of May 12, 2025, before the status conference in this case was held, a different district court judge (Casper, J.) issued an order in a separate case challenging the buffer-zone order—also filed by Plaintiffs' counsel—staying any further action concerning the First Amendment claims at issue there until May 19, 2025, to give the state-court judge the opportunity to consider and potentially act in response to this Court's suggestions in the Per Curiam. *See Derosier v. Noble*, No. 1:25-CV-10812 (D. Mass. May 12, 2025) (Doc. 21).[1]

8. At the status conference held in this case later that day, the district court reasonably adopted the same May 19, 2025, status report deadline to allow the state-court judge adequate time to consider her response, if any, to the

---

[1] There are two separate lawsuits, in front of other district court judges, that relate to how the buffer-zone order affects individuals said to be journalists (*Derosier, et al. v. Noble, et al.*, Case No. 1:25-cv-10812-DJC (D. Mass.)) and other specific citizens (*Delgado v. Noble, et al.*, Case No. 1:25-cv-10818-RGS (D. Mass.)).

Per Curiam. The district court then provided an opportunity for Plaintiffs' counsel to make a record of his objections and an opportunity for State Defendants' counsel to respond. Doc. 58. Consistent with its diligence in swiftly setting this first status conference, the district court already has set another status conference for May 19, 2025, to discuss whether further action is needed to comply with the Per Curiam. Doc. 57.

9. Despite this prompt response, Plaintiffs immediately filed their "Emergency Motion For Clarification And To Enforce This Court's May 9, 2025, Judgment" with this Court, arguing that the district court's decision to permit the State Defendants limited time to act was antithetical to this Court's order.

10. The district court's decision to permit the State Defendants five business days to determine their course of action does not contradict this Court's directive. Insofar as Plaintiffs interpret the Per Curiam as an order to the district court to immediately declare the buffer-zone order unconstitutional and enjoin its enforcement, they are mistaken. The Per Curiam remanded for further proceedings to establish how the buffer-zone order has been interpreted and applied thus far, so that the district court could then determine in the first instance whether the buffer-zone order violates the

First Amendment. *Grant*, 2025 WL 1355193, at *4. The district court's prescribed timeline permits that process to proceed in reasonable fashion.[2]

11. The district court's timeline also allowed the state-court judge a reasonable amount of time to consider this Court's decision. She actively considered that decision, while simultaneously presiding over a murder trial, and has now issued a supplemental buffer-zone order.

12. In its order dated May 13, 2025, this Court directed the State Defendants to inform the Court what steps the prosecution has taken, if any, in response to the issues raised in its decision. The Massachusetts Trial Court, the District Attorney's Office, and the Massachusetts State Police have been reviewing this Court's decision and actively considering their options moving forward. Indeed, as discussed, the state-court judge already has acted.

---

[2] To date, the preliminary-injunction record in this case has been short on facts concerning the named plaintiffs in this case and long on anecdotal facts concerning individuals who are *not* plaintiffs in this case. As a general matter, Plaintiffs do not have standing to seek preliminary injunctive relief for anyone other than themselves.

Additionally, it should be noted that Plaintiffs still carry the burden of showing their entitlement to the extraordinary remedy of preliminary injunctive relief, and the mens rea issue was *not* an issue raised in the district court. Since the mens rea issue was raised for the first time on appeal, the district court should logically have the opportunity to consider the issue before deciding whether it is a proper legal basis for injunctive relief, though the supplemental buffer-zone order may now render that issue moot.

13. In light of the developments described above, Plaintiffs' motion is moot. It should be denied.

        Respectfully submitted,

        ANDREA JOY CAMPBELL
        ATTORNEY GENERAL

        <u>/s/ Thomas E. Bocian</u>
        John R. Hitt, 1st Cir. No. 59001
        Thomas E. Bocian, 1st Cir. No. 121912
        Emily Rothkin, 1st Cir. No. 1202163
        Emily Swanson, 1st Cir. No. 1216673
        Gabriel T. Thornton, 1st Cir. No. 1189527
        *Assistant Attorneys General*
        One Ashburton Place
        Boston, Massachusetts 02108
        (617) 727-2200
        john.hitt@mass.gov
        thomas.bocian@mass.gov
        emily.rothkin@mass.gov
        emily.swanson@mass.gov
        gabriel.thornton@mass.gov

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), I certify that:

This response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A), because it contains 1,213 words, excluding exempted text.

This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionately-spaced typeface using Microsoft Word Times New Roman 14-point font.

May 15, 2025

/s/ Thomas E. Bocian
Massachusetts Assistant Attorney General


## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2025, I electronically filed this response with the Clerk of the Court of Appeals for the First Circuit by using the appellate CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the appellate CM/EFC system.

/s/ Thomas E. Bocian
Massachusetts Assistant Attorney General

# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

Docket No. 25-1380

JASON GRANT, ALLISON TAGGART, LISA PETERSON, and SAMANTHA LYONS,

Plaintiffs/Appellants,

v.

TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS, BEVERLY J. CANNONE, in her official capacity as Justice of the Superior Court, GEOFFREY NOBLE, as Superintendent of the Massachusetts State Police, MICHAEL d'ENTREMONT, in his official capacity as Chief of Police Department of the Town of Dedham, Massachusetts, and MICHAEL W. MORRISSEY, in his official capacity as the Norfolk County District Attorney,

Defendants/Appellees.

# EXHIBIT A

# TO

# STATE DEFENDANTS' RESPONSE TO PLAINTIFFS' EMERGENCY MOTION FOR CLARIFICATION

Supplemental Order Regarding The Buffer Zone, *Commonwealth v. Read*, Norfolk County Super. Ct. No. 22-00117 (May 15, 2025)

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                      SUPERIOR COURT
                                                  CRIMINAL ACTION
                                                  22-00117

## COMMONWEALTH

### vs.

## KAREN READ

### SUPPLEMENTAL ORDER REGARDING THE BUFFER ZONE

The court is in receipt of the decision of the United States Court of Appeals for the First Circuit in *Grant* v. *Trial Ct. of Commonwealth of Massachusetts*, No. 25-1380 (1st Cir. May 9, 2025) (hereinafter "The Decision"). To simplify any potential First Amendment issues related to the Buffer Zone restrictions implemented by prior orders, this court, guided by the Court of Appeal's suggestion set out on page 12 of The Decision, issues the following supplemental order regarding the Buffer Zone:

First, for all the reasons cited in support of prior orders and based upon the parameters of the dispute as narrowed and described in the Decision, all orders of this court remain in place insofar as they apply to Courthouse property.

Second, prior orders remain in place as applied to pathways – including public sidewalks and roads – through which and at which times trial participants enter and exit the Courthouse.

Third, noisy protests, including those using amplified sound, honking horns or loud screaming and yelling that are intended to interfere with the administration of justice or are intended to influence any judge, juror, witness, or court officer in the discharge of his or her duties are prohibited within the buffer zone.

Fourth, the display of written or graphic materials that are intended to interfere with the administration of justice or are intended to influence any judge, juror, witness, or court officer in the discharge of their duties are prohibited within the buffer zone.

Fifth, any person whose activity has been restricted by an officer enforcing this order may request review by a judge of the Superior Court, which request shall be heard as expeditiously as possible.

Quiet, offsite demonstrations on public property, in areas and at times that do not interfere with trial participants' entrance into or exit from the Courthouse, and that do not interfere with the orderly administration of justice, and that are not intended to influence any trial

participants in the discharge of their duties are specifically outside the scope of the Buffer Zone restrictions.

**SO ORDERED**

Date: May 15, 2025

Beverly J. Cannone
Justice of the Superior Court